UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GLACIER WATER COMPANY LLC, *et al.*,

Plaintiff(s),

v.

ROBERT EARL, *et al.*,

Defendant(s).

Case No. C08-1705RSL

ORDER DENYING
PLAINTIFFS' MOTION TO REMAND

## I. INTRODUCTION

Plaintiffs Glacier Water Company, LLC and Glacia Nova, LLC (collectively "plaintiffs") filed this action for breach of contract against defendants Robert Earl ("Earl") and Aqua Holdco, LLC ("Aqua Holdco") in King County Superior Court on October 17, 2008. Earl and Aqua Holdco (collectively "defendants") removed the action to this Court on November 24, 2008. This matter comes before the Court on plaintiffs' motion to remand for untimely removal. For the reasons set forth below, the Court denies plaintiffs' motion to remand.

## II. BACKGROUND

Plaintiffs move to remand this action pursuant to 28 U.S.C. § 1447(b), claiming that defendants' notice of removal was untimely. Section 1446(b) provides that a notice of removal must be filed within thirty days "after receipt by the defendant, through service or otherwise" of a copy of the complaint. 28 U.S.C. § 1446(b) (2006). The parties disagree on when the thirty

ORDER DENYING MOTION TO REMAND- 1

day time period for removal began to run in this case. Plaintiffs argue the time period began to run on October 17, 2008, the date plaintiffs served the Washington Secretary of State with the complaint. Defendants argue that the time for removal did not begin to run until at least October 23, 2008, when Aqua Holdco received a copy of the complaint. Alternatively, defendants argue that under the "last-served" rule the time period for removal did not begin to run until October 24, 2008, the date Earl received the complaint. Under Fed. R. Civ. P. 6(a), defendants' notice of removal is timely if the thirty day period began to run on October 23, 2008, or October 24, 2008, but not October 17, 2008.

## III. ANALYSIS

**A. Plaintiffs served Aqua Holdco on October 17, 2008.**

Section 1446 governs the time constraints for removal from state court to federal court. It states in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

28 U.S.C. § 1446(b) (2006). Although the statute gives the defendant thirty days from receipt of the initial pleadings, it does not indicate whether a defendant is deemed to have received the pleadings when they are served upon its statutory agent. Rather, service of process made prior to removal is governed by the law of the state in which service was made. See Lee v. City of Beaumont, 12 F.3d 933, 936-937 (9th Cir. 1993), overruled on different grounds by California Dep't of Water Res. v. Powerex Corp., 533 F.3d 1087, 1091 (9th Cir. 2008).

Aqua Holdco is an unregistered foreign limited liability company doing business in Washington. Under RCW 25.15.315, foreign limited liability companies must register with the Washington Secretary of State before conducting business in Washington. When a company fails to register, service of process is governed by RCW 25.15.360. It states that "[a]ny foreign limited liability company which shall do business in this state without having registered under RCW 25.15.315 shall be deemed to have thereby appointed and constituted the secretary of state

ORDER DENYING MOTION TO REMAND- 2

its agent for the acceptance of legal process." RCW 25.15.360(1). Furthermore, "any such process when so served shall be of the same legal force and validity as if served upon a registered agent personally within the state." Id. Washington courts have not addressed when service is complete under this statute. Nor has the Ninth Circuit or the United States Supreme Court decided whether a defendant is deemed to have received the pleadings when they are served upon its statutory agent. Defendants correctly point out that a number of district courts have found that service is complete upon receipt by the actual party. Yet, defendants rely on cases that are distinguishable from the instant case.

Defendants cite Lilly v. CSX Transp., Inc., 186 F.Supp. 2d 672 (S.D. W.Va. 2002), where the plaintiff served a foreign corporation by its statutory agent under W.Va. Code 31-1-15. The defendant received the complaint a week later and removed within thirty days of receiving the complaint. Id. at 673. The plaintiff sought remand, but the district court held that the period for removal ran from the date the defendant actually received a copy of the process. Id. at 675. Defendants claim that the present case is factually equivalent. But service of process depends on state law, and Washington law is distinguishable. In West Virginia, the relevant statute stated that service on the statutory agent "shall be sufficient *if* such return receipt shall be signed by an agent or employee of such corporation, or ... is refused by the addressee and the registered or certified mail is returned to the secretary of state." W.Va. Code 31-1-15 (emphasis added). No such caveat exists under Washington law.

Defendants also rely on White v. Lively, 304 F. Supp.2d 829 (W.D. Va. 2004). In White, the relevant statute permitted substitute service on the commissioner of the Department of Motor Vehicles for service on out-of-state motorists. In concluding that service was not complete until actual receipt, the court cited related Virginia law, which stated that service is not effective on a statutory agent until the certificate of service is filed with the court. Id. at 831 n.4 (citing Va. Code 8.01-326.1). The court reasoned that although the interpretation of the removal statute is a question of federal law, Virginia law supported its conclusion that delivery to the statutory agent

ORDER DENYING MOTION TO REMAND- 3

did not constitute service. This Court is also interpreting the federal removal statute, but must do so in light of Washington's service of process law. Under RCW 25.15.360(2), the Secretary of State is required to maintain records, but these records are not tied to the validity of service. Rather, the plain language of RCW 25.15.360(1) states that service upon the Secretary of State for an unregistered foreign limited liability company "shall be of the same legal force and validity as if served upon a registered agent personally within the state." In Washington, service upon a registered agent constitutes personal service in the circumstances presented here. See RCW 4.28.080, see also Broad v. Mannesmann, 141 Wn.2d 670, 677 (2000) ("where substituted service on a statutory agent is made in accord with the requirements of a statute, it is effective service--no further tolling is needed"). Defendants also raise a legitimate concern as to the risk of unreasonable delay between delivery to the statutory agent and forwarding to the parties. Opposition at 4. However, the delay here was not unreasonable. The Secretary of State mailed the summons and complaint to Aqua Holdco the following business day. See Dkt. #12 (Koehler Decl.), Ex. C.

This Court recognizes the important policy implications involved in determining when to start the removal clock. The core function of service is to provide sufficient notice so that defendants have a fair opportunity to answer the complaint and present defenses. Defendants rely on this Court's decision in McAboy v. IMO Industries, No. 05-1241RSL, 2005 WL 2898047 (W.D. Wash. Oct. 27, 2005), for the proposition that a reasonable delay between the agent's receipt of the complaint and its transmittal to the principal does not count towards the thirty-day removal period. However, in McAboy, the Court analyzed general agency principles as related to service on a foreign company's registered agent. Here, the Court is considering service under a statute that deals specifically with unregistered foreign limited liability companies. When a company, like Aqua Holdco, fails to register, the Secretary of State is "assumed appointed," and service shall have the "*same legal force and validity* as if served upon a registered agent personally within this state." RCW 25.15.360 (emphasis added). Defendants

ORDER DENYING MOTION TO REMAND- 4

argue that this statute should be treated like all other agency laws, and that a reasonable time for transmission of the documents should be added where service is accomplished through an agent. See RESTATEMENT (SECOND) OF AGENCY §§ 278 (1957). Even if the Court superimposed general agency principles on RCW 25.15.360 and applied a reasonable extension of time, removal would still be untimely. A three-day extension, as granted in McAboy and contemplated in Fed. R. Civ. P. 6, is more than adequate given the circumstances of this case. Defendants filed their notice of removal six days after Aqua Holdco's thirty-day window expired. Accordingly, under RCW 25.15.360, service on Aqua Holdco was complete on October 17, 2008.

**B. Defendants' removal is timely under the "last-served" rule.**

Defendants argue that, even if Aqua Holdco was served on October 17, 2008, removal is timely because the thirty day time period did not begin to run until Earl was served on October 24, 2008. The statutory language of 28 U.S.C. § 1446(b) contemplates only one defendant, and thus does not answer the question of how to calculate the time for removal in the event that multiple defendants are served at different times. The circuit courts are split and the district courts have come to competing conclusions, even within the Ninth Circuit.

Some courts hold that the thirty day removal period runs for all defendants from the date the first defendant is served. If that defendant fails to remove within thirty days, later-served defendants cannot remove. See Brown v. Demco, Inc. 792 F.2d 478, 482 (5th Cir. 1986) (adopting "first-served" rule). More recently, courts have held that later-served defendants have a full thirty days after service to remove despite the fact that an earlier-served defendant failed to remove. See Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999) (applying "last-served" rule); see also McKinney v. Board of Trustees of Mayland Community College, 955 F.2d 924, 928 (4th Cir. 1992) (adopting "last-served" rule on the related issue of whether individual defendants have thirty days to join in a valid removal petition). The Ninth Circuit has noted this split of authority, but expressed no opinion on the propriety of either approach. See United Steel v. Shell Oil Co., 549 F.3d 1204, 1209 (9th Cir. 2008); United

ORDER DENYING MOTION TO REMAND- 5

Computer Systems, Inc. V. At & T Corp., 298 F.3d 756, 762 (9th Cir. 2002).

Courts adopting the first-served rule wish to establish the forum early and prevent forum shopping. In Brown v. Demco, the Fifth Circuit rejected the "last-served" approach after defendants took advantage of a late-served party and petitioned for removal four years after the suit commenced. The court considered the prejudice to the plaintiff and concluded it outweighed any unfairness to the late-served defendant. Brown, 792 F.2d at 482. Here, arguments regarding settlement of the forum and forum shopping provide little insight: plaintiffs do not claim any prejudice caused by removal.

Alternatively, courts adopting the "last-served" approach argue that it is unfair to deprive later-served defendants an equal opportunity to remove. Defendants claim that statutory construction mandates adoption of the "last-served" rule. In Brierly, the Sixth Circuit rejected the 'first-served' rule as requiring the court to insert 'first' before 'defendant' into the language of the statute. Brierly, 184 F.3d at 533. The court reasoned that if Congress intended the "removal period to commence upon service of the first defendant, it could have easily so provided." Id. Additionally, the "first-served" approach encourages plaintiffs to serve defendants less likely to remove before defendants more likely to remove. See, e.g., McKinney at 928. While plaintiffs in this case did not intentionally stagger service, the last-served rule would encourage such gamesmanship. Plaintiffs counter that counsel in this case filed its notice of appearance on behalf of both defendants on November 12, 2008, five days prior to the end of removal time period. Plaintiffs cite this as evidence that Earl had sufficient notice of the complaint, and thus did not need the full thirty days to remove. Yet, notice not does completely alleviate concerns that the "first-served" approach deprives Earl of the same removal period that Aqua Holdco enjoyed. In Bonner v. Fuji, Judge Charles Breyer reasoned:

> Although the Ninth Circuit has reiterated that courts must "strictly construe the removal statute," that exhortation to strict construction is not an inexorable command to refuse removal in contravention of the best reading of the statutory text. Indeed, it is appropriate to interpret the statute as permitting removal where, as here, that interpretation is supported by sound judicial policy and the growing weight of authority.

ORDER DENYING MOTION TO REMAND- 6

461 F. Supp. 2d 1112, 1119 (N.D. Cal. 2006) (citation omitted). In the instant case, there is no evidence of prejudice or extraordinary delay. The "last-served" approach is the most likely to promote fairness among all parties. Accordingly, defendants' period for removal began to run on October 24, 2008, the date Earl received the complaint. Defendants timely filed the notice of removal on November 24, 2008.

**C. Plaintiffs' Diversity Argument**.

Plaintiffs briefly argue that Aqua Holdco should be treated as a corporate entity with its primary place of business in Washington. They do not request remand on that ground, however. The Court will not consider the issue now and expresses no opinion regarding the effect, if any, of plaintiffs' mention of this issue.

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES plaintiff's motion to remand (Dkt. #55).

Dated this 5th day of March, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO REMAND- 7